NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,**
*Plaintiff-Appellant*

**v.**

**COCA-COLA COMPANY,**
*Defendant-Appellee*

_____

2024-1253

_____

Appeal from the United States District Court for the Northern District of Georgia in No. 1:16-cv-01241-TWT, Judge Thomas W. Thrash, Jr.

_____

Decided:  October 21, 2025

_____

JOHN C. CAREY, Carey Rodriguez Milian Gonya, LLP, Miami, FL, argued for plaintiff-appellant.

PAUL WHITFIELD HUGHES, III, McDermott Will & Schulte LLP, Washington, DC, argued for defendant-appellee.  Also represented by SARAH HOGARTH, CHARLES H. SEIDELL; JODI BENASSI, San Francisco, CA; ALAN SHANE NICHOLS, Atlanta, GA.

_____

2    ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
COCA-COLA COMPANY

Before LOURIE, PROST, and STOLL, *Circuit Judges*.

PROST, *Circuit Judge*.

Rothschild Connected Devices Innovations, LLC ("Rothschild") sued Coca-Cola Co. ("Coca-Cola") for infringing U.S. Patent No. 8,417,377 ("the '377 patent"). The U.S. District Court for the Northern District of Georgia granted summary judgment of noninfringement. Rothschild appeals. We affirm.

I

Rothschild challenges the district court's interpretation of claim 11 of the '377 patent as requiring that certain steps be performed in a particular order. Claim 11, which is the only independent claim at issue, recites:

A beverage dispenser comprising:

at least one compartment containing an element of a beverage;

at least one valve coupling the at least one compartment to a dispensing section configured to dispense the beverage;

a mixing chamber for mixing the beverage;

a user interface module configured to receive an[] identity of a user and an identifier of the beverage;

a *communication module configured to transmit the identity of the user and the identifier of the beverage to a server over a network, receive user generated beverage product preferences based on the identity of the user and the identifier of the beverage from the server and communicat*[e] *the user generated beverage product preferences to controller*; and

the controller coupled to the communication module and configured to actuate the at least one valve

> to control an amount of the element to be dispensed
> and to actuate the mixing chamber based on the
> user gene[r]ated beverage product preferences.

'377 patent claim 11 (emphasis added).

At issue in this appeal is whether the claimed communication module must be configured to perform its steps in the order in which they are written—namely: (1) "transmit the identity of the user and the identifier of the beverage to a server over a network"; (2) "receive user generated beverage product preferences based on the identity of the user and the identifier of the beverage from the server"; and (3) "communicat[e] the user generated beverage product preferences to controller." *Id.*

The district court said yes—the communication module must be configured to do these things in that particular order. *Rothschild Connected Devices Innovations, LLC v. Coca-Cola Co.*, 688 F. Supp. 3d 1281, 1295–1300 (N.D. Ga. 2023). There is no dispute that, under this interpretation, Coca-Cola does not literally infringe via its accused Freestyle dispensers. The district court therefore granted summary judgment of noninfringement. *Id.* at 1300.

Rothschild timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We agree that the claimed communication module must be configured to perform its steps in the order in which they are written. We therefore affirm the summary judgment of noninfringement.[1]

---

[1]    Rothschild separately maintains that the district court erred by not considering an alternative theory of infringement that was premised on Coca-Cola's Freestyle

Although a particular order of method steps is typically not required unless the steps actually recite one, "such a result can ensue when the method steps implicitly require that they be performed in the order written." *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369 (Fed. Cir. 2003) (cleaned up). We apply a two-part test for determining if steps that do not otherwise recite an order "must nonetheless be performed in the order in which they are written." *Id.* "First, we look to the claim language to determine if, as a matter of logic or grammar, they must be performed in the order written." *Id.* "If not, we next look to the rest of the specification to determine whether *it* directly or implicitly requires such a narrow construction. If not, the sequence in which such steps are written is not a requirement." *Id.* at 1370 (emphasis in original) (cleaned up).

We agree with the district court that, as a matter of logic or grammar, the communication module must be configured to perform its steps in the order in which they are written. As the court observed, in the first step, the communication module is configured to transmit—*to* a server—"the identity of the user and the identifier of the beverage." '377 patent claim 11; *see Rothschild*, 688 F. Supp. 3d at 1297–98. In the second step, the communication module is configured to receive—*from* the server—"user generated beverage product preferences *based on* the identity of the user and the identifier of the beverage" (i.e., "based on" the very things that, in the first step, the communication

mobile app and the doctrine of equivalents. The district court, in declining to consider this theory, referenced its local patent rules and noted that Rothschild had not included this theory in its infringement contentions or expert reports. Under these circumstances, we see no abuse of discretion or otherwise reversible error in the district court's decision not to consider this theory.

module is configured to transmit to the server). '377 patent claim 11 (emphasis added); *see Rothschild*, 688 F. Supp. 3d at 1297–98. This use of "based on" strongly indicates that the first step precedes the second. As to the third step— "communicat[e] the user generated beverage product preferences to controller," '377 patent claim 11—the court viewed it as "send[ing] the product preferences received by the communication module in [the second step] to the controller," *Rothschild*, 688 F. Supp. 3d at 1298. The court also observed that this particular order accords with the specification, which not only contains language and figures describing this order, but also contains nothing suggesting Rothschild's contrary reading of claim 11. *See id.* at 1299 (citing '377 patent col. 6 ll. 7–20, col. 7 l. 56–col. 8 l. 32, and Figs. 3 & 5).

We agree with the district court's "common-sense reading" of this limitation and conclude that the communication module must be configured to perform its steps in the order in which they are written. *See id.* at 1298.

Rothschild disagrees. It insists that, because claim 11 is an apparatus claim, and because "apparatus claims cover what a device *is*, not what a device *does*," the claim cannot require ordered steps. *See* Reply Br. 4 (quoting *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) (emphasis in original)).

We are unpersuaded. The principle that apparatus claims cover what a device *is*, not what it *does*, serves as a "useful reminder that the focus of apparatus claims is the structure and not the operation or use." *INVT SPE LLC v. ITC*, 46 F.4th 1361, 1376 (Fed. Cir. 2022) (citing *Hewlett-Packard*, 909 F.2d at 1468). But when, as here, an apparatus claim "depend[s] on functional claiming to describe the apparatus," "what the device *does* (and how it does it) is highly relevant to understanding what the device *is*." *See id.* at 1376–77 (emphasis in original) (discussing computer- or software-based inventions). Given that this

6        ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
                                         COCA-COLA COMPANY

apparatus claim includes functional language requiring that the communication module be configured *to do* certain things, we will not disregard language concerning *how* (e.g., the order in which) it must do them.

### III

We have considered Rothschild's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### AFFIRMED